# CHARLESTON.

STATE *Ex Rel.* H. L. VAN SICKLER v. R. M. BELL *et als.*

Submitted September 5, 1917.   Decided September 18, 1917.

1. APPEAL AND ERROR—*Supersedeas—Effect.*

   The effect of an appeal and supersedeas granted by the Supreme Court of Appeals, or a Judge thereof, to a decree of a circuit court appointing a receiver, is to preserve the status quo existing at the time such appeal and supersedeas is made effective, and if at said time such receiver has taken charge of a railway company's property and is operating the same, he is authorized to retain possession of such railroad and continue the operation thereof.   (p. 604).

2. SAME—*Supersedeas—Operation by Receiver—Effect.*

   If in such case it is desired to have the possession and control of such railroad withdrawn from the said receiver, or the operation of it by him discontinued, an order to this end may be procured upon a proper showing under the latter clause of §12 of ch. 135 of the Code, authorizing the entry of an order staying proceedings under a decree appealed from, either in whole or in part.   (p. 604).

Proceeding by the State, on the relation of H. L. Van Sickler, against R. M. Bell and others. Rule requiring respondents to show why they should not be adjudged in contempt.          *Rule discharged.*

*Conley & Johnson* and *R. F. Dunlap,* for relator.

*Price, Smith, Spilman & Clay, E. C. Harrison, Wm. Gordon Mathews* and *J. S. McWhorter,* for respondents.

RITZ, JUDGE:

On the 17th day of July, 1917, the respondent R. M. Bell was duly appointed, by the circuit court of Greenbrier county, a special receiver for the Lewisburg & Ronceverte Electric Railway Company, and by virtue of such appointment at once took charge of said railway and began to operate the same. On the 21st day of July, 1917, an appeal and supersedeas was awarded by a Judge of this Court to said decree of the circuit court of Greenbrier county, and such appeal and supersedeas was immediately made effective by giving the bond required by the order awarding the same. This writ was duly served upon the plaintiffs in the suit in which said Bell was appointed receiver, as well as upon the said Bell. The said Bell, however, refused to restore said railway and its property to its officers, and continued the operation of the same. At the relation of H. L. Van Sickler, the president of said railway company, a rule in contempt was awarded against said Bell, and the parties at whose instance he was appointed receiver, requiring them to show cause why they should not be adjudged in contempt of this court in continuing the operation of said railroad after the appeal and supersedeas awarded by a Judge of this Court was made effective.

The effect which the granting and making effective of an appeal and supersedeas has upon the possession and control of property in the hands of a receiver is the sole question presented here. It is contended by the relator that the effect of this writ was to suspend the operation of the railroad under the circuit court's decree, while for the respondents it is contended that its effect was simply to stop any further action under the circuit court's decree and maintain the status quo in existence at the time the appeal and supersedeas became effective. There is some diversity of opinion among the courts of the several states as to the effect of the granting of an appeal and supersedeas, but it seems to be settled in this state in the case of *Sult* v. *Hochstetter Oil Co.,* 63 W. Va. 317; and in Virginia, in the case of *Bristow* v. *Home Building Co.,* 91 Va. p. 18, that in a case where a receiver has been appointed, and has taken possession under

his appointment, he is authorized to preserve the status quo in existence at the time the writ becomes effective. It is well settled that this writ became effective upon the giving of the bond. At that time the respondent Bell was in possession and control of all the assets of the railway company, and was operating the same, and his authority to retain possession and continue operation continued notwithstanding the granting of the appeal and supersedeas to the decree appointing him. If it was desired to disturb his possession or have operations discontinued, it would be necessary to apply for an order to that end, and upon a proper showing, under the provision of §12 of ch. 135 of the Code, an order might be entered discontinuing the operation of the railroad, and requiring the receiver to restore its property to its officers. That has been the practice in this jurisdiction in such cases; and the fact that §12 of ch. 135 of the Code confers upon this Court, or the Judge granting the appeal, the authority to enter such an order would seem to justify the conclusion that without such an order the only effect of an appeal and supersedeas is to preserve the existing status quo. If the effect of such writ was to restore the status quo existing at the time of the entry of the decree appealed from, the latter clause of §12 of ch. 135 of the Code would have no application in any case. In this case the receiver has done no more than preserve the conditions existing at the time the appeal and supersedeas became effective, and this he might do without violating any order of this court.

The rule will be discharged.

*Rule discharged.*